## DYKE *vs.* PERCIVAL.

The defendant filed a plea in abatement, founded on the eleventh section of a statute of this state, passed January 2, 1829, " regulating process and trial in civil causes," which alleged a variance between the writ, &c., and the summons, and then proceeded to specify by setting forth two particulars, each of which was of itself a fatal variance ;—*Held*, that the plea was not double.

ASSUMPSIT, upon a promissory note, dated Dec. 28, 1841, for $80.00 in six months, with interest.

Plea in abatement enrolling the writ, return and summons, in which the note was described as dated December 28th,

Dyke *v.* Percival.

1842, payable in six months from date. The plea alleged that the summons did not contain the substance of the plaintiff's writ, &c., in this, to wit: "that the declaration in said writ describes a note dated the twenty-eighth day of December, A. D. 1841, for the sum of eighty dollars, payable to plaintiff or bearer, and in six months from said date, with interest. And in and by said summons, a note is described, dated the 28th day of December, A. D. 1842, for $80, payable to said plaintiff, or bearer, in six months from said date."

Demurrer among other causes alleging duplicity in setting out two causes of abatement, one in relation to the date of the note, the other in relation to the interest.

*Hibbard,* for the plaintiff.

*J. L. Carleton,* for the defendant.

PARKER, C. J. No question is made in this case, respecting the variance between the writ and summons in the description of the demand sued. There is a variance in the date and tenor of the note. But it is contended that the plea is double, in setting out these two particulars of variance. We are of opinion that the objection cannot be sustained. The cause of abatement is, that the summons does not contain the substance of the writ, and give the same information that the declaration gives more at large. This is an entire objection. The plea proceeds to specify wherein, and in doing this sets forth two particulars, either of which, if it had existed alone, would have been fatal, but existing together, only show no more than that the summons does not contain the substance of the plaintiff's declaration.

*Writ abated.*